Special Term that the convenience of material witnesses and the ends of justice would be promoted by the change. (Civ. Prac. Act, § 187.) The relief was apparently granted under section 96-a of the act, which authorizes the ordering of a joint trial, without consolidation, "whenever it can be done without prejudice to a substantial right." The appellant established that his substantial rights would be prejudiced by such a joint trial in Monroe County. (Appeal by plaintiff Stanley Schiff, in Action No. 3, from order of Monroe Special Term granting defendant's motion to try Action No. 3 in Supreme Court, Monroe County.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ EDWARD C. ST. CLAIR, Individually and on Behalf of THE PEOPLE OF THE STATE OF NEW YORK as a Citizen and Taxpayer Thereof, Appellant, v. YONKERS RACEWAY, INC., et al., Respondents, et al., Defendants.— Motion for leave to appeal to the Court of Appeals denied. Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHANIEL BOATWRIGHT, Appellant. (B) THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRENT FOSTER COOPER, v. WALTER H. WILKINS, as Warden of Attica Prison. (C) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES JOHNSON, v. WALTER H. WILKINS, as Warden of Attica Prison. (D) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY SMEICH, v. WALTER H. WILKINS, as Warden of Attica Prison. (E) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH O. VAN SLYKE, Appellant. (F) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES T. CARTER, Appellant. (Reargument.) (G) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEWIS F. MACGREGOR, Appellant. (Reargument.) — [In each action] Motion to prosecute appeal as a poor person, and for other relief, denied.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN B. SMART, Appellant. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROGER FRANK STINEY, Appellant.— [In each action] Motion to prosecute appeal as poor person, and for other relief, denied, with Memorandum: The claims asserted by the appellant cannot be made the basis of any relief in *coram nobis.*

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. JAMES F. ANDERSON (January 1963 Term). (B) THE PEOPLE OF THE STATE OF NEW YORK v. CHARLES LA PLACA (February 1963 Term). (C) THE PEOPLE OF THE STATE OF NEW YORK v. BRUCE McCOY (February 1963 Term). (D) THE PEOPLE OF THE STATE OF NEW YORK v. RAYMOND J. SCHNEIDER (February 1963 Term).— [In each action] Motion granted and time for argument of appeal enlarged as indicated.

■ MARY DE METRO, Respondent, v. JOHN D. DE METRO, Appellant.— Respondent's motion to file typewritten briefs granted.

■ In the Matter of CHARLES H. DOMSER, Respondent, v. THOMAS F. O'BOYLE, as Manager of MVAIC, Appellant.— Appeal dismissed unless records and briefs are filed and served on or before January 21, 1963.

■ SELMA M. ROBILLARD, Appellant, v. CITY OF SYRACUSE et al., Respondents.— Motion granted and appeal dismissed, without costs.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLEVELAND FLEMING, Appellant.— Motion to add case to calendar denied.

■ MINNIE A. MACALUSO, Appellant, v. JOSEPH N. MACALUSO, Respondent. — Appeal dismissed unless records and briefs are filed and served on or before December 12, 1962.

■ In the Matter of CLARENCE P. DE BUSE, as Administrator of the Estate of GEORGE C. DE BUSE, Deceased, Respondent. DOROTHY P. DE BUSE et al., Appellants.— Appeal dismissed for failure to comply with previous order, without costs.